UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Michael Valdez,<br>    a/k/a "Bigga,"<br>Ryan Diaz<br>    a/k/a "Rico,"<br>        *Defendants.* | **Protective Order**<br><br>**19 Cr. 883 (JPO)** |

Upon the application of the United States of America, and the defendants Michael Valdez, a/k/a "Bigga," and Ryan Diaz, a/k/a "Rico," having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include, as detailed below, material that affects the privacy of individuals, and material that affects the safety of certain victims of the charged offenses. Unless otherwise specified, any material produced to Defense Counsel and the defendant shall be deemed Disclosure Material.

2. **Sensitive Disclosure Material.** The Government's sensitive disclosure material may include material that (i) affects the privacy and safety of individuals; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Among other things, the Government's sensitive

disclosure material contains photographs of certain females, including a minor victim ("Victim-1"), that were included in advertisements for commercial sexual activities, as well as photographs associated with Victim-1's medical treatment, which implicates these individuals' privacy rights and could impact the ongoing investigation. Sensitive disclosure materials which contain and/or reflect such images produced by the Government in this action pursuant to its discovery obligations are deemed "Sensitive Disclosure Material," and will be labeled as such in the index produced with the discovery materials.

3. **Confidential Disclosure Material.** During the course of this ongoing matter, the Government may identify certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 which contain and/or reflect personal identifying information for Victim-1 and others, the disclosure of which could place Victim-1 and others in significant danger, and which cannot feasibly be redacted. Any such materials will be shall be deemed "Confidential Disclosure Material" and will be marked "CONFIDENTIAL" on an "attorney's eyes only" basis in the index and discovery materials.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material, Sensitive Disclosure Material, and Confidential Disclosure Material. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. **Victim-1's identity**, or identifying personal information for Victim-1 and others, where possible, shall be redacted from disclosure materials in order to protect the safety and privacy of Victim-1 and others.

7. **Disclosure Material** shall not be disclosed by defense counsel, including any successor counsel ("Defense Counsel"), or the defendant, other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel and the defendant shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

    b. Disclosure Material may be disclosed by Defense Counsel or the defendant to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

    (ii) independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

    (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

    c. The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Disclosure Material pursuant to

3

paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

   d. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

8. **Sensitive Disclosure Material** shall not be disclosed by Defense Counsel or the defendant other than as set forth herein, and shall be used solely for purposes of defending this action:

   a. Defense Counsel and the defendant shall not post any Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Disclosure Material to the media or any third party except as set forth below.

   b. Sensitive Disclosure Material may be disclosed by Defense Counsel to the defendant for review in the presence of Defense Counsel for purposes related to this case. **The defendant shall not maintain, retain, or keep copies of any records containing Sensitive Disclosure Material outside of the presence of Defense Counsel.**

   c. Sensitive Disclosure Material may be disclosed by Defense Counsel to Designated Persons.

   d. The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Disclosure Material

pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

e. The Government may authorize, in writing, disclosure of Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. **Confidential Disclosure Material** shall not be disclosed by Defense Counsel other than as set forth herein, and shall be used solely for purposes of defending this action:

   a. Defense Counsel shall receive any materials produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure that are marked "CONFIDENTIAL" on an "attorney's eyes only" basis, and Defense Counsel shall not share the Confidential Disclosure Material or the contents of the Confidential Disclosure Material with any other persons, including the defendant, except for any paralegal or staff employed by Defense Counsel in connection with work related to the defense of the defendant.

   b. At any time, Defense Counsel may seek leave from the Government to share materials designated as Confidential Disclosure Material with the defendant ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide Defense Counsel with a redacted version of the Requested Material that may be shared with the defendant; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot

be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige Defense Counsel requests to share Requested Material.

10. Except for any of the above-mentioned disclosure materials that have been made part of the record of this case, Defense Counsel and the defendant shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

11. This Order does not prevent the disclosure of any of the above-mentioned disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, any disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

SO ORDERED:

Dated: New York, New York
January 21, 2020

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

7